# United States Court of Appeals
# for the Fifth Circuit

No. 22-50267
CONSOLIDATED WITH
No. 22-50282
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN CHAIREZ-LOPEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-989-1
USDC No. 4:21-CR-1019-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Juan Chairez-Lopez appeals his conviction and sentence for illegal reentry after removal, as well as the judgment revoking his term of supervised release for committing the new offense. He has not briefed, and has therefore

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50267
c/w No. 22-50282

abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Chairez-Lopez argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under 8 U.S.C. § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Chairez-Lopez has filed an unopposed motion for summary affirmance.

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Chairez-Lopez is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Chairez-Lopez's motion is GRANTED, and the district court's judgments are AFFIRMED.